IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carlos Gutierrez and Martha Gutierrez, | ) | |
| | ) | **Case No. 1:23-cv-15631** |
| Plaintiffs, | ) | |
| vs. | ) | *Hon. Manish S. Shah* |
| | ) | |
| State Farm Fire and Casualty Company and | ) | Courtroom No. 1919 |
| State Farm Mutual Automobile Insurance Co., | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**STATE FARM'S MOTION TO DISMISS**
**THE PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)**

NOW COME Defendants, STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (together as "State Farm"), by and through their attorney, K. Austin Zimmer of Del Galdo Law Group, LLC, and, in support of their Motion to Dismiss Plaintiffs Carlos Gutierrez and Martha Gutierrez's (together as the "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), hereby argue as follows:

## INTRODUCTION

Plaintiffs' claims for breach of contract and for a violation of section 155 of the Illinois Insurance Code arise out of State Farm's alleged refusal to provide them with their desired amount of coverage under the terms of their insurance policy after their condominium unit allegedly sustained damaged during a water infiltration event that occurred in the fall of 2020. Yet, despite attaching a copy of their insurance policy as an exhibit to their Complaint, Plaintiffs base their breach of contract claims not upon State Farm's alleged breach of any particular term or provision in the policy, but rather upon State Farm's supposed breach of an oral agreement not to close Plaintiffs' insurance claim and instead keep the claim open for an indefinite period of time.

As a result, Plaintiffs' claims for breach of contract must be dismissed because their Complaint fails to plausibly allege the essential of a "breach." Plaintiffs' claims for a violation of

section 155 of the Illinois Insurance Code must likewise be dismissed because a section 155 claim cannot survive absent a viable underlying claim for a breach of the policy. Consequently, Plaintiffs' entire Complaint must be dismissed pursuant to Rule 12(b)(6) as a matter of law.

## FACTUAL BACKGROUND

Plaintiffs' condominium unit allegedly sustained undescribed damages from a "water infiltration" event that occurred on September 28, 2020. *See* Dkt. #2, Ex. 1, ¶ 9. At the time of this alleged event, Plaintiffs' unit was allegedly insured for an unstated amount of coverage via a State Farm Condominium Unitowners Insurance Policy (the "policy"). *See* Dkt. #2, Ex. 1, ¶¶ 7-9. Plaintiffs filed a claim (the "Claim") with State Farm under their policy immediately upon discovery of the alleged water infiltration event. *See* Dkt. #2, Ex. 1, ¶ 9. Plaintiffs have also attached a copy of the policy as an exhibit to their Complaint. *See* Dkt. #2, Ex. 1, Ex. A.

Upon receipt of their Claim, Plaintiffs admit that State Farm made "[s]ome payments" on their Claim. *See* Dkt. #2, Ex. 1, ¶ 10. Plaintiffs contend, however, "on information and belief," that an unnamed State Farm agent at some unstated time allegedly represented to them that they "need not provide full/final estimates for the damages sustained in connection with the Claim" and that they "were not required" to complete any repairs until "certain common-element repairs were first completed by the condominium association." *See* Dkt. #2, Ex. 1, ¶ 10. Plaintiffs further claim, again "on information and belief," that an unnamed State Farm agent purportedly "acknowledged" this representation in an "early 2022 voicemail" left for the Plaintiffs. *See* Dkt. #2, Ex. 1, ¶ 11.

Without accounting for the gap in time, Plaintiffs next allege that as recently as "the week of August 7, 2023," an unnamed State Farm agent again "acknowledged and represented" to the Plaintiffs that their Claim was "still open" and that they could still "submit estimates for the full damages." *See* Dkt. #2, Ex. 1, ¶ 12. However, later that same week, an unnamed State Farm agent allegedly informed Plaintiffs that their Claim had in fact already been closed. *See* Dkt. #2, Ex. 1,

¶ 13. Plaintiffs contend that this was the "first time" that anyone from State Farm had ever advised or warned them that their Claim was or even could be closed. *See* Dkt. #2, Ex. 1, ¶¶ 14-15.

As such, Plaintiffs contend that State Farm's alleged closing of their Claim, "without any warning to Plaintiffs, in contradiction of [State Farm's] agreement to keep the Claim open, and in contradiction of statements made by authorized [State Farm] personnel," constituted a vexatious and unreasonable "breach of the [p]olicy." *See* Dkt. #2, Ex. 1, ¶¶ 20-22, 29-31. Yet, despite attaching a copy of the policy to their Complaint, Plaintiffs do not identify a single policy term or condition that State Farm breached through its alleged conduct. *See gen*. Dkt. #2, Ex. 1. In fact, while the attached policy does not contain any provision relating to the opening or closing of insurance claims, it does contain a provision stating that "by acceptance of this policy," the Plaintiffs expressly agree that "<u>this policy contains all of the agreements between *you* and *us* and of *our* agents</u>." *See* Dkt. #2, Ex. 1, Ex. A, p. 1 (<u>emphasis added</u>). The attached policy also importantly provides, in pertinent part, as follows:

> **COVERAGE A – BUILDING PROPERTY**
>
> 1. *We* will pay the cost to repair or replace . . . the damaged part of the building property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – BUILDING PROPERTY**, except for wood fences, subject to the following:
>
>     a. until actual repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged part of the property . . . not to exceed the cost to repair or replace the damaged part of the property;
>
>     b. when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property . . .; [and]
>
>     c. <u>to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed</u>.

*See* Dkt. #2, Ex. 1, Ex. A, p. 18-19 (<u>emphasis added</u>).

Seemingly aware of the fact that they filed their Complaint more than two years after the alleged date of loss, Plaintiffs offhandedly conclude by alternatively alleging that State Farm is "estopped from closing the Claim because [they] were reasonably led to believe" that their Claim "would remain open until after the Association Repairs were completed." *See* Dkt. #2, Ex. 1, ¶¶ 23, 32. As such, Plaintiffs contend that they are entitled compensatory damages in excess of $100,000 as well as an award of statutory damages and attorney's fees under section 155 of the Illinois Insurance Code. *See* Dkt. #2, Ex. 1, ¶¶ 24, 33. Accordingly, State Farm now moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) as a matter of law.

## STANDARD FOR DISMISSAL

A motion to dismiss made under Rule 12(b)(6) challenges the sufficiency of a complaint. *Christensen v. City of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (7th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a plaintiff cannot rely on mere speculation, but instead must show that he is entitled to the relief sought by alleging "enough facts to nudge [his] claims across the line from conceivable to plausible." *Russell v. Zimmer, Inc.*, 82 F. 4th 564, 570-71 (7th Cir. 2023). Put simply, if a plaintiff's allegations are not factually or legally sufficient to state a claim upon which relief can be granted, the court must dismiss the complaint as a matter of law. *Maple Lanes, Inc. v. Messer*, 186 F. 3d 823, 824-825 (7th Cir. 1999).

## **ARGUMENT**

Both counts fail to state a plausible claim for breach of contract because the Complaint fails to identify the specific contractual terms that State Farm purportedly breached in this case,

*i.e.*, it fails to provide facts sufficient to plausibly allege the essential element of a "breach." Plaintiffs' corresponding claims for an award of statutory damages and attorney's fees pursuant to section 155 of the Illinois Insurance Code are also subject to dismissal because a claim for damages under section 155 cannot survive absent a sufficient underlying claim for a breach of the policy.

I.  **The Complaint Fails to State a Plausible Claim for Breach of Contract Because it Does Not Allege Facts Sufficient to Establish the Essential Element of a "Breach"**

"The law of Illinois, the forum state, applies in this diversity case." *Sevugan v. Direct Energy Services, LLC*, 931 F. 3d 610, 614 (7th Cir. 2019). Under Illinois law, to plead a cause of action premised upon a breach of contract, "a plaintiff must allege the essential elements of the cause of action." *Allstate Ins. Co. v. Winnebago County Fair Ass'n, Inc.*, 131 Ill. App. 3d 225, 233 (2d Dist. 1985). The essential elements of a breach of contract claim are: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff." *Nielsen v. United Servs. Auto. Ass'n*, 244 Ill. App. 3d 658, 662 (2d Dist. 1993). To properly state a breach of contract claim, a plaintiff "must allege facts sufficient to indicate the terms of the contract claimed to have been breached." *Id*. Put differently, a "breach of contract claim requires <u>an identifiable breach of a contract term</u>." *Sevugan*, 931 F. 3d at 614 (emphasis added).

In this case, however, Plaintiffs, without reference to any specific language found within the attached policy, allege in conclusory fashion that State Farm breached the policy by failing to honor its agent's alleged oral agreement "to keep the Claim open and not close [it] until after" completion of the Association's common-element repairs. *See* Dkt. #2, Ex. 1, ¶¶ 10, 21-22. Yet, despite attaching a copy of the policy as an exhibit to their Complaint, Plaintiffs nonetheless fail to identify a single policy term or condition that State Farm allegedly breached by engaging in this alleged conduct. *See gen*. Dkt. #2, Ex. 1. By neglecting to provide such factual support, the

Complaint fails to satisfy the pleading threshold necessary to state a plausible claim for breach of contract against State Farm in this case. *See Gandhi v. Sitara Capital Management, LLC*, 689 F. Supp. 2d 1004, 1016 (N.D. Ill. 2010) (holding that by "not identifying in their complaint the provision of the Limited Partnership Agreement allegedly breached, plaintiffs fail to satisfy th[e] low threshold" of Fed. R. Civ. P. 8(a)(2), and therefore fail to state a claim for breach of contract); *Burke v. 401 N. Wabash Venture, LLC*, 2010 WL 2330334, at *2 (N.D. Ill., June 9, 2010) ("plaintiff asserts that defendant breached a contract, but plaintiff fails to point to any contract provision that was breached. The Court fails to see how, post *Iqbal*, a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached. Without alleging a contract provision that was breached, the claim is merely possible, not plausible").

Furthermore, not only does the Complaint fail to identify any specific policy term or condition that was breached, but the policy itself in fact confirms that State Farm's alleged conduct, even if true, did not amount to a breach of contract in this case. For example, Plaintiffs specifically allege that State Farm's "closing of the Claim – without any warning to Plaintiffs, in contradiction of [State Farm's] agreement to keep the Claim open, and in contradiction of statements made by authorized [State Farm] personnel, . . . was, on information and belief, a breach of the [p]olicy." *See* Dkt. #2, Ex. 1, ¶¶ 22, 31. The policy, however, contains no term obligating State Farm to provide an insured with a "warning" before closing a claim nor does it contain any term governing when State Farm can or cannot close a claim. *See gen*. Dkt. #2, Ex. 1, Ex. A. Without such language, Plaintiff's allegations, even if true, simply do not state a plausible claim for breach of contract against State Farm in this matter. *See Sevugan*, 931 F. 3d at 614 (citing *Talbert v. Home Sav. of America, F.A.*, 265 Ill. App. 3d 376, 380 (1st Dist. 1994) ("A breach can only exist where a party fails to carry out a term, promise, or condition of a contract")); *Ruebe v. PartnerRe Ireland*

*Insurance DAC*, 470 F. Supp. 3d 829, 840-841 (N.D. Ill. 2020) (granting insurer's motion to dismiss plaintiffs' claim for breach of contract in part because plaintiffs could not identify "any provision of the policy that required [the insurer] to participate in the mediation," and, "without a duty to attend, the refusal to attend [could] not be a breach").

In fact, such alleged oral representations, even if made by State Farm's agents, cannot plausibly form the basis for a breach of contract action because the policy expressly states that it "contains all of the agreements between **you** and **us** and any of **our** agents." *See* Dkt. #2, Ex. 1, Ex. A, p. 1; *see Burton v. Airborne Exp., Inc.*, 367 Ill. App. 3d 1026, 1035-1036 (5th Dist. 2006) ("[b]ecause portions of the contract referenced in and attached to the compliant belie the allegations upon which [plaintiff's] breach of contract action is premised, the circuit court properly dismissed [plaintiff's] complaint"); *Nielsen*, 244 Ill. App. 3d at 662 ("even when interpreting the allegations . . . in [a] light most favorable to plaintiff, count I of the complaint failed to allege facts sufficient to indicate the terms of the contract which could give rise to a duty for defendant").

Moreover, Plaintiffs admit (i) that the date of loss was "September 28, 2020," (ii) that State Farm made "[s]ome payments" on their Claim, (iii) that they have not completed certain repairs to their unit, and (iv) that their Complaint was filed on September 25, 2023. *See* Dkt. #2, Ex. 1, ¶¶ 9-10. The attached policy, however, clearly states that "to receive any additional payments on a replacement cost basis, **you** must complete the actual repair or replacement of the damaged part of the property <u>within two years after the date of loss</u>, and notify **us** within 30 days after the work has been completed." *See* Dkt. #2, Ex. 1, Ex. A, p. 18-19 (<u>emphasis added</u>). As such, because it has been well over two years since the alleged date of loss, and because Plaintiffs have admittedly not completed the allegedly necessary repairs to their unit, the policy unequivocally releases State Farm from any possible obligation to provide Plaintiffs with any additional coverage payments for

the repair or replacement of any alleged damages to their unit caused by the alleged water infiltration event. *See Ruebe*, 470 F. Supp. 3d at 839-841 (granting insurer's motion to dismiss plaintiffs' claim for breach of contract in part because the attached policy clearly did not obligate the insurer to provide the coverage requested by plaintiffs). In other words, any claim that State Farm has breached the policy by failing to provide Plaintiffs with these coverage payments simply does not state a plausible claim for relief in this case. *See Asset Exchange II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 40 (viewing "allegations in a light most favorable to plaintiff, we find that they are not sufficient to establish a breach of contract action . . . since the complaint does not allege that [defendant] failed to comply with the terms of the unambiguous contract").

**II.     Because Plaintiffs' Underlying Breach of Contract Claims Fail, Their Requests for an Award of Statutory Damages Under Section 155 of the Illinois Insurance Code Likewise Fail as a Matter of Law**

Since Plaintiffs' breach of contract claims cannot survive dismissal under Rule 12(b)(6), it is also proper for the Court to dismiss Plaintiffs' requests for statutory damages made pursuant to section 155 of the Illinois Insurance Code because section 155 claims cannot stand alone. For example, in *Hoover v. Country Mutual Insurance Company*, the Illinois appellate court affirmed dismissal of a section 155 statutory bad faith action only after affirming that the underlying breach of contract action had also properly been dismissed. 2012 IL App (1st) 110939, ¶ 41. In affirming dismissal of the section 155 claim, the court reasoned that a statutory bad faith claim could not proceed if it was not predicated upon an underlying breach of contract action. *Id.*

Here, because Plaintiffs' claims for statutory damages and attorney's fees under section 155 were dependent upon the success of their insufficiently pled breach of contract claims, their section 155 claims necessarily fail and must therefore also be dismissed as a matter of law. *Id.*; *see Lytle v. Country Mut. Ins. Co.*, 2015 IL App (1st) 142169, ¶ 31 (holding that plaintiff "was not

entitled to damages pursuant to section 155 of the Illinois Insurance Code because his 'bad faith' claim against [defendant] was dependent on the success of his breach of contract action, and he did not succeed in that action on the policy"); *see also Bridger v. Amguard Insurance Company*, 2023 WL 2456115, at *2-3 (S.D. Ill., Mar. 10, 2023) (holding that plaintiff's "section 5/155 claim must be dismissed" because he did not pursue a viable underlying breach of contract claim).

## CONCLUSION

WHEREFORE, the Defendants, STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully request that this Honorable Court grant their Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and that this Honorable Court further award Defendants any and all such other relief as is equitable and just.

Respectfully submitted,

**STATE FARM**

By: */s/ Austin Zimmer*
K. Austin Zimmer
*One of Their Attorneys*

K. Austin Zimmer (#6276227)
Michael A. Albert (#6320206)
**DEL GALDO LAW GROUP, LLC**
1441 S. Harlem Ave, Berwyn, IL 60402
(t) 708-222-7000 │ (f) 708-222-7001
zimmer@dlglawgroup.com
albert@dlglawgroup.com
*Attorneys for State Farm Fire & Cas. Co.
and State Farm Mutual Auto. Ins. Co.*